BRYAN SCHWARTZ (SBN 209903)
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel.: 510-444-9300
FAX: 510-444-9301
Email: Bryan@BryanSchwartzLaw.com

Attorney for Individual and Representative Plaintiffs

MARTIN K. DENISTON (SBN 106737)
DANIEL H. LEE (SBN 217001)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower Street Suite 2900
Los Angeles, CA 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: Daniel.Lee@wilsonelser.com
       Martin.Deniston@wilsonelser.com

Attorneys for Defendants,
SAMSONITE COMPANY STORES, INC.
and SAMSONITE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSALIE PEARSON and DENNIS NEWSHAM, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff(s),<br><br>v.<br><br>SAMSONITE COMPANY STORES, INC., SAMSONITE CORPORATION, and DOES 1 – 50, inclusive,<br><br>Defendant(s). | Case No. CV 09-01263 JSW<br><br>**JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR FLSA PUTATIVE CLASS MEMBERS**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 11, 19th Floor<br><br>Date Action Filed: March 24, 2009 |

1

JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR
FLSA PUTATIVE CLASS MEMBERS AND [PROPOSED] ORDER
CASE NO. 3:09-CV-1263 JSW

793748.1

# JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR FLSA PUTATIVE CLASS MEMBERS

**WHEREAS** Plaintiffs have alleged, *inter alia*, violations of the Fair Labor Standards Act (FLSA) in this matter on behalf of themselves and a putative collective class (Docket #14 at ¶¶1, 13, 33-41, etc.); and

**WHEREAS** the statute of limitations under the FLSA is two years for non-willful violations and three years for willful violations (29 U.S.C. § 255(a)); and

**WHEREAS** unlike in a Rule 23 class action, in which the filing of the lawsuit stops the running of the statute of limitations (*see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974)), under the FSLA, 29 U.S.C. §216(b), putative class members' claims in an alleged FLSA collective action are not tolled typically until those putative class members opt-into the action (*see, e.g., Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (holding that the statute of limitations ceases to run only when each employee files a consent form), *cert. denied, Helton v. K-Mart*, 519 U.S. 987, 117 S.Ct. 447, 136 L.Ed.2d 342 (1996); *Castle v. Wells Fargo Financial, Inc.*, 2007 WL 1105118, *1 (N.D.Cal. April 10, 2007) (Illston, J.) (*citing Grayson*); and

**WHEREAS** in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Supreme Court approved district court oversight of "accurate and timely notice" to employees concerning the pendency of a collective action so the employees "can make informed decisions about whether to participate;" and

**WHEREAS** the parties have stipulated and the Court has agreed (Docket #31) to postpone Plaintiffs' motion seeking *Hoffman-La Roche* notice because of the pending settlement talks and scheduled mediation between the parties; and

**WHEREAS** Plaintiffs contend that Defendants have inappropriately contacted putative class members in a manner that has delayed or precluded their timely opting-into this matter, while Defendants deny that there was anything at all improper about their contacts with putative class members; and

**WHEREAS** the parties agree that they should focus on the upcoming mediation rather than

2

JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR
FLSA PUTATIVE CLASS MEMBERS AND [PROPOSED] ORDER
CASE NO. 3:09-CV-1263 JSW

793748.1

briefing now a motion regarding the contentious the issue of whether or not Defendants' contacts with putative class members were proper and its impact; and

**WHEREAS** Plaintiffs requested in discovery and contend they should have been provided complete contact information for the putative class members, regarding which Plaintiffs would promptly file a motion to compel if necessary, while Defendants dispute Plaintiffs' contention; and

**WHEREAS** the parties agree that they should focus on the upcoming mediation rather than briefing now a motion to compel regarding the contentious the issue of whether or not Defendants should produce this contact information; and

**WHEREAS** the Ninth Circuit and this Court permit equitable tolling of the FLSA statute of limitations where the effect of not tolling the statute would be to bar forever any claim by employees against a defendant and where plaintiffs are faultless (*see Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffman-La Roche Inc.*, 493 U.S. 165 (1989); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D.Cal. March 6, 2007) (Conti, J.) (*citing Partlow*); *Veliz v. Cintas Corp.*, 2007 WL 841776 at *4 (N.D.Cal. March 20, 2007) (Armstrong, J.) (same); *Adams v. Inter-Con Security Systems, Inc.*, 2007 WL 1089694, *11 (N.D. Cal. April 11, 2007) (Patel, J.) (same); *Castle*, 2007 WL 1105118, at **1-2 (same); and

**WHEREAS** without tolling, the parties agree that putative class members would otherwise lose claims or portions of claims forever if they have not opted-in timely or do not opt-in timely prior to the Plaintiffs' being heard on the conditional certification motion and judicial notice issuing; and

**WHEREAS** and the parties are willing to stipulate that tolling is appropriate and that both Plaintiffs and Defendants are faultless, in the interest of promoting the present settlement negotiations;

**WHEREAS** on September 2, 2009, Defendant Samsonite Company Stores, Inc. filed a Chapter 11 Bankruptcy Petition, in the U.S. Bankruptcy Court, District of Delaware (Wilmington) entitled In re Samsonite Co. Stores LLC, Case No. 09-13102. It is Defendants' position that pursuant to 11

3  JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR FLSA PUTATIVE CLASS MEMBERS AND [PROPOSED] ORDER
CASE NO. 3:09-CV-1263 JSW

793748.1

U.S.C. § 362(a) and other relevant statutes and case law, there is an automatic stay of the present case in its entirety as to both Defendants. Plaintiffs dispute that there is an automatic stay with respect to Defendant Samsonite Corporation, stating that the automatic stay provisions of §362 of the Bankruptcy Code apply only to debtors and do not prevent litigation from proceeding against non-debtors. Plaintiffs cite, *inter alia, Mother African Union Methodist Church v. Conference of AUFCMP Church (In re Conference of African Union First Colored Methodist Protestant Church)*, 184 B.R. 207, 214 (Bankr.D.Del. 1995) (quoting *Maritime Electric Co. Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir. 1991) (automatic stay is not available to non bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor);

**WHEREAS** by entering into this stipulation, Defendants are not waiving their right to, nor acting in contravention of, the automatic stay that is currently in place as to this litigation;

**THEREFORE** it is hereby stipulated by Plaintiffs and Defendants that the claims of all putative FLSA collective class members in the above-referenced matter be tolled starting September 2, 2009, and continuing until the bankruptcy stay is lifted.

Dated: September 10, 2009          BRYAN SCHWARTZ LAW


By: ___/s/ Bryan Schwartz_____
     BRYAN J. SCHWARTZ

Attorney for Plaintiffs and the Putative Class


Dated: September 10, 2009          WILSON, ELSER, MOSKOWITZ,
                                   EDELMAN & DICKER LLP



By: _____
     Martin K. Deniston
     Daniel H. Lee
     Attorneys for Defendants Samsonite Company
     Stores, Inc., and Samsonite Corporation

4

JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR
FLSA PUTATIVE CLASS MEMBERS AND [PROPOSED] ORDER
CASE NO. 3:09-CV-1263 JSW

793748.1

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3

4

5  Dated: September 11, 2009

6  *[signature: Jeffrey S. White]*
   The Honorable Jeffrey S. White
   Judge of the United States District Court for
   the Northern District of California

5

JOINT STIPULATION TO TOLL STATUTE OF LIMITATIONS FOR
FLSA PUTATIVE CLASS MEMBERS AND [PROPOSED] ORDER
CASE NO. 3:09-CV-1263 JSW

793748.1