BRYAN SCHWARTZ (SBN 209903)
BRYAN SCHWARTZ LAW
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel.: 510-444-9300
FAX: 510-444-9301
Email: Bryan@BryanSchwartzLaw.com

Attorney for Individual and Representative Plaintiffs


MARTIN K. DENISTON (SBN 106737)
DANIEL H. LEE (SBN 217001)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
555 South Flower Street Suite 2900
Los Angeles, CA 90071
Telephone: (213) 443-5100
Facsimile:  (213) 443-5101
Email: Daniel.Lee@wilsonelser.com
       Martin.Deniston@wilsonelser.com

Attorneys for Defendants,
SAMSONITE COMPANY STORES, INC. (now known as Samsonite Company Stores, LLC) and SAMSONITE CORPORATION (now known as Samsonite LLC)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSALIE PEARSON and DENNIS NEWSHAM, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>  Plaintiff(s),<br><br>  v.<br><br>SAMSONITE COMPANY STORES, INC., SAMSONITE CORPORATION, and DOES 1 – 50, inclusive,<br><br>  Defendant(s). | Case No.  CV 09-01263 JSW<br><br>**STIPULATED REQUEST OF THE PARTIES TO HAVE THEIR JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT HEARD BEFORE DECEMBER 31, 2009;**<br><br> [Proposed] **ORDER;**<br><br>DECLARATION OF DANIEL H. LEE |

1

STIPULATION AND PROPOSED ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
USDC NDCA Case #CV 09-01263 JSW
843475.1

**IT IS HEREBY STIPULATED** and requested by Plaintiffs ROSALIE PEARSON and DENNIS NEWSHAM (hereinafter "Plaintiffs"), and Defendants SAMSONITE COMPANY STORES, INC. and SAMSONITE CORPORATION (now known as Samsonite Company Stores, LLC and Samsonite LLC, respectively) (hereinafter "Defendants") that the Court allow their Joint Motion for Preliminary Approval of Stipulation of Settlement to be heard on or before December 31, 2009 on any date that is convenient for the Court.

1. Local Rule 6-1(b) requires the Plaintiffs and Defendants (hereinafter "Parties") to obtain a Court Order changing a time that would affect the date of an event or deadline already fixed by Court order. Local Rule 6-2(a) authorizes the Parties to seek such relief from the Court by filing a written stipulation.

2. Under Local Rule 6-2(a), "the stipulated request must be accompanied by a declaration that: (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time; (2) Discloses all previous time modifications in the case, whether by stipulation or Court order; and (3) Describes the effect the requested time modification would have on the schedule for the case."

3. On or about November 5, 2009, the Parties reached a settlement of the present dispute on a class basis and are seeking the Court's approval of that settlement. To accomplish that end, the Parties cooperated with each other and worked diligently in preparing a Joint Motion for Preliminary Approval of Stipulation of Settlement (hereinafter the "Joint Motion"), and exhibits in support of that motion, including, but not limited to, a detailed Stipulation of Settlement. The Joint Motion is being filed concurrently herewith.

4. Defendants have informed Plaintiffs, and Plaintiffs understand, that a material term of the Stipulation of Settlement, is that Defendants have the Settlement Amount (as defined in the Stipulation of Settlement as $850,000) deposited with the Settlement Administrator (as defined in the Stipulation of Settlement) <u>by no later than December 31, 2009</u>. This condition is explained in the Stipulation of Settlement.

5. On or about November 17, 2009, counsel for Defendants consulted the Court's calendar at: http://www.cand.uscourts.gov/cand/calendar.nsf/ExtraInfoLinkDocs/JSW. See

Declaration of Daniel H. Lee ("Lee Decl."), attached hereto as Exhibit A. A true and correct print copy of the Court's calendar is attached hereto as Exhibit B. (Lee Decl. ¶ 3.)

6. Exhibit B indicates that the Court only hears civil law and motions on Fridays at 9 a.m. However, the Parties are presently unable to schedule the hearing for the Joint Motion on any date before December 31, 2009.

7. November 27, 2009 is a Court Holiday. The first two Fridays in December are days that are "CLOSED" according to the Court's website. On November 10, 2009, counsel for the Defendants contacted the courtroom deputy, Jennifer Ottolini. Ms. Ottolini informed counsel for the Defendants that the court's motion calendar is full on December 4, 2009 and December 11, 2009, and that is why those dates show as being "CLOSED" on the Court's website. (Lee Decl. ¶ 4.)

8. Exhibit B also states that the Court is "CLOSED" on December 18, 2009, which the Parties will interpret to mean that Court's motion calendar is full on that date. Thus, the Parties are presently unable to schedule the hearing for the Joint Motion on December 18, 2009. The only other Friday left in 2009 is December 25, 2009, which is a Court Holiday.

9. Thus, the Parties are presently unable to schedule the hearing for the Joint Motion on any Friday in 2009 and therefore are seeking the Court's assistance through this stipulated request.

10. The Parties respectfully submit that granting the requested relief will confer a benefit to the Plaintiffs, the Putative Class Members, the Defendants, and the Court. First, Defendants have agreed to pay $850,000 to settle the present dispute as to the entire proposed class. Should the settlement be approved in 2009, the sooner the notices can be sent out to the proposed class, the sooner the claims can be processed, and, pending the Court's final approval, the sooner the proposed class members can receive the proposed settlement payments.

11. Second, the Parties recognize that the Court has a busy calendar, but if the Court is graciously able to accommodate the present request and allow the Joint Motion to be heard at its earliest opportunity in 2009, it will allow the settlement to be preliminarily confirmed, which the Defendants desire before they deposit the $850,000 Settlement Fund with the Class Administrator.

12. Third, the Parties are filing a joint motion. Thus, there will be no opposition to the Joint Motion filed by any party to this case. Scheduling an uncontested motion, as opposed to a

1 contested motion, will cause less burden on the Court, which should favor the Parties' respectful
2 submission that the Court hear the Joint Motion in 2009.

3     13.    Fourth, as the Parties are filing a joint motion, there will no prejudice to any party by
4 shortening time to hear the Joint Motion (should it be heard before December 18, 2009). Moreover,
5 there will be no prejudice to the putative class members by shortening time to hear the Joint
6 Motion. An early hearing of the Joint Motion will not affect their rights in any way since,
7 procedurally, the ability of the class members to exercise their right to object, opt-out, or withdraw
8 from the class occurs <u>after</u> the Joint Motion is heard and the class notices are mailed out (i.e. during
9 the lengthy, proposed claims period).

10     14.    Fifth, if the Court is graciously able to accommodate the present request and hear the
11 Joint Motion in 2009, and assuming the Court grants the Joint Motion, it will allow the claims
12 process to begin and end sooner. This will allow the present case to be dismissed from the Court's
13 docket earlier, which would free up this Court's valuable judicial resources at its earliest
14 opportunity.

15     15.    The Parties previously made two stipulated time modifications in this matter,
16 extending Defendants' time to file an Answer and tolling the statute of limitations for FLSA
17 putative class members based upon Defendant Samsonite Company Stores, Inc.'s bankruptcy.
18 (Docket No. 9 and 33)
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Based on the foregoing, the Parties jointly respectfully request that the Court shorten time to hear their Joint Motion, and schedule the hearing date on a date in 2009 that is convenient for the Court.

**IT IS SO STIPULATED.**

DATE: November 17, 2009                     BRYAN SCHWARTZ LAW

By: /s/Bryan Schwartz
        BRYAN SCHWARTZ
        Attorney for Plaintiffs
        ROSALIE PEARSON, DENNIS
        NEWSHAM, AND THE PUTATIVE
        CLASS

DATE: November 17, 2009                     WILSON, ELSER, MOSKOWITZ, EDELMAN
                                            & DICKER LLP

By: _____
        MARTIN K. DENISTON
        DANIEL H. LEE
        Attorney for Defendants
        SAMSONITE COMPANY STORES, INC.
        and SAMSONITE CORPORATION

PURSUANT TO STIPULATION, IT IS SO ORDERED that the Parties' Joint Motion For Preliminary Approval Of Class Action Settlement can be heard on:

_____December 18_____, 2009.

Date: __November 30, 2009__         _____
                                    The Honorable Jeffrey S. White
                                    United States District Judge for the Northern District of California

STIPULATION AND ~~PROPOSED~~ ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
USDC NDCA Case #CV 09-01263 JSW
843475.1