IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEARSON and DENNIS NEWSHAM, individually, on behalf of others similarly situated, and on behalf of general public,

Plaintiffs,

v.

SAMSONITE COMPANY STORES, INC., SAMSONITE CORPORATION, and DOES 1-50, inclusive,

Defendants.

No. C 09-01263 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 18, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively DENIES WITHOUT PREJUDICE** the joint motion for preliminary approval of settlement.

The parties shall each have 15 minutes to address the following questions:

1. The Court has concerns with the adequacy of the notice in light of the fact that the Plaintiffs seek certification of both a collective action under the Fair Labor Standards Act ("FLSA") and a class action pursuant to Federal Rule of Civil Procedure 23 on their state wage and hour law claims. Under the FLSA, an employee who wishes to join a collective action must affirmatively opt in to the suit by filing a consent to sue with the district court. 29 U.S.C. § 216(b). In contrast, under Rule 23, a party who does not wish to be bound by the Court's judgment must opt out of the proposed class by filing a request to be excluded. Fed. R. Civ. P. 23(c)(2). Although both types of claims may be maintained in the same action, the notice must be amended to advise the putative class of the need to affirmatively opt in to the FLSA class and to opt out of the state wage and hour class action.

2. Whether to reward the named representatives for their efforts is within the Court's discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted). Although Plaintiffs argue in their brief that the incentive awards are justified, they submit no evidence from the named Plaintiffs to support this argument.

3. Lastly, the Court notes that the incentive award is not disclosed in the notice.

4. Given the Court's concerns as well as the parties' efforts to complete this settlement in a timely fashion, how much time do the parties need to address these items and re-file a joint motion for preliminary approval of the settlement? The parties may submit a joint stipulation to vacate the hearing scheduled for tomorrow morning and re-file an amended motion taking into account the Court's concerns or may appear as regularly scheduled on December 18, 2009 at 9:00 a.m. The parties should notify the Court of their intent by no later than 4:00 p.m. on Thursday, December 17, 2009.

**IT IS SO ORDERED.**

Dated: December 17, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2