# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE PEARSON and DENNIS NEWSHAM, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>             Plaintiff(s),<br><br>  v.<br><br>SAMSONITE COMPANY STORES, INC., SAMSONITE CORPORATION, and DOES 1 – 50, inclusive,<br><br>             Defendant(s). | Case No. CV 09-01263 JSW<br><br>**NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 11, 19th Floor<br><br>Date Action Filed: March 24, 2009 |

**IF YOU ARE RECEIVING THIS NOTICE, THEN IT WILL LIKELY AFFECT YOUR RIGHT TO BE COMPENSATED. PLEASE REVIEW CAREFULLY.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

<u>**YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN, BUT ONLY IF YOU RETURN THE ENCLOSED OPT-IN/CLAIM FORM POSTMARKED BY [==90 days after notice mailing to class by administrator==].**</u>

<u>**YOU MAY CHOOSE TO OPT-OUT OF THIS PROPOSED SETTLEMENT, BUT, IF YOU WORKED FOR SAMSONITE IN NEW YORK OR CALIFORNIA, YOU MUST DO SO WITH A LETTER FOLLOWING THE INSTRUCTIONS HEREIN, POSTMARKED BY [==90 days after notice mailing to class by administrator==].**</u>

The purpose of this notice is to inform you of a pending class action lawsuit brought against Samsonite Company Stores, Inc., and Samsonite Corporation ("Samsonite" or "Defendants"). **<u>You are receiving this Notice and Claim Form because you have been identified as a member or potential member of the class certified by the Court</u>** that consists of current and former employees who worked for Defendants during the relevant period as Store Managers.

**This notice summarizes your rights and obligations as a potential class member in the certified class. Please read carefully, as your rights may be affected by the disposition of the lawsuit.**

## I. Description of the Lawsuit

This action includes the named plaintiffs and all other similarly-situated individuals who worked as Store Managers for Samsonite. The claims asserted on behalf of the class allege that the Samsonite violated Federal law, and state law in California and New York, by, among other things, improper classification of employees as exempt from overtime laws, failure to provide overtime wages when due, failure to provide timely or accurate paychecks or statements of earning or compensable time worked, failure to provide meal or rest periods or payments in lieu thereof, failure to make or keep records of time worked, failure to pay an appropriate amount of vacation pay, and unfair business practices arising from these alleged failures. As a result of these

alleged failures, the case seeks relief for members of the class for time and one-half pay for identified employee for hours worked in excess of forty (40) hours per week (or in excess of eight (8) hours a day in California) and various other remedies under federal or state law for unpaid wages, premium pay, itemized wage statement penalties, and liquidated damages that are alleged to arise from that alleged conduct, as well as attorney fees and costs.

The Defendants deny all allegations of wrongdoing, fault, liability or damage to the Plaintiffs or the class, denies that they engaged in any wrongdoing, deny that they committed any violation of law, deny that they acted improperly in any way and believe that they acted properly at all times. The Defendants recognize, however, the uncertainty and risk inherent in any litigation, and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal. To eliminate the burden and expense of further litigation and the risk of trial, the Defendants wish to settle the litigation against them on the terms and conditions stated in the Stipulation of Settlement, and to put the claims alleged in this case to rest finally and forever.

Plaintiffs' Counsel completed an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Plaintiffs' Counsel analyzed the evidence adduced, and has researched the applicable law with respect to the claims against the Defendants and the potential defenses thereto.

Both Defendants and Plaintiffs' Counsel are aware that many Plaintiffs' rights are affected by a settlement between Samsonite and the Department of Labor in early 2007. The parties agree that the current settlement is a reasonable result, in light of the settlement already made with the Department of Labor.

**II. Settlement**

Plaintiffs' Counsel and Defendant have negotiated what they believe to be a fair settlement

for all Plaintiffs and class members in this lawsuit. Although the Court has given the class and settlement preliminary approval, the class, settlement, funding of the settlement, and the settlement offers referred to in this notice are contingent upon the Court's approval of the class and settlement becoming a final judgment.

### III. Calculation of Settlement Share

Samsonite has already paid some potential class members approximately $116,000. In addition, a lump sum of $850,000 will be paid on behalf of Samsonite to settle this matter upon final Court approval of the settlement. Subject to Court approval, 25% attorneys' fees, costs, and payments of $5,000 each to the two Representative Plaintiffs will be made from these payments. The remaining funds, estimated to be approximately $560,000, will be used to compensate former employees participating in the settlement. Shares of the settlement will then be allocated in the following manner, discounted as described in Section IV, below:

**A. If You Worked For Samsonite in Any State Other Than California or New York**

If you are a Plaintiff who worked for Samsonite outside of California and New York, as to your potential overtime claims:

(i) You will be offered additional compensation at 0.5 times your Regular Hourly Rate (an average hourly pay rate, including commission) for 5 hours a week for each week you were a salaried (exempt) Store Manager since September 2, 2006, up to the date you were reclassified as an hourly (non-exempt) employee.

(ii) You will be offered payment in lieu of liquidated damages equal to the amount you are paid concerning overtime claims.

(iii) You will be offered 10% simple, annual interest on all of your overtime claims.

(iv) If your total allocation based on this formula and the discounts described below equals less than $500, then you will receive the $500 minimum allocation.

### B. If You Worked for Samsonite in California or New York

The States of California and New York have employment, wage/hour laws more protective in some ways than the laws of other states, and the Representative Plaintiffs were able to bring state claims in their own states. As such, California and New York Store Managers have the opportunity for additional recovery, as follows:

(i) For Store Managers in California, as to your potential overtime claims, you will be offered compensation at 1.5 times your Regular Hourly Rate for 5 hours a week for each week in which you were employed at Samsonite as an exempt (salaried) Store Manager after March 24, 2005.

(ii) For Store Managers in New York, as to your potential overtime claims, you will be offered compensation at 1.5 times your Regular Hourly Rate for 5 hours a week for each week in which you were employed at Samsonite as an exempt (salaried) Store Manager after March 24, 2003.

(iii) If you are a Plaintiff in California, as to your potential meal/rest period claims, you will be offered compensation at your Regular Hourly Rate for 3 hours a week for each week in which you were employed at Samsonite as a salaried (exempt) Store Manager since March 24, 2005, up to the date you were reclassified as an hourly (non-exempt) employee.

(iv) If you are a Plaintiff in California, as to your potential itemized wage statement claims, you

will be offered $50 for your first two-week pay period worked as a salaried (exempt) Store Manager after March 24, 2005, and $100 for each additional two-week pay period, up to the date you were reclassified as an hourly (non-exempt) employee.

(v) For Store Managers in California, as to your potential vacation pay claims, you will be offered additional compensation for vacation hours at a rate of 0.0385 (Samsonite's rate of vacation accrual per hour worked) times 5 hours per week that you worked since March 24, 2005, times your Regular Hourly Rate, for each week that you were classified as salaried (exempt).

(vi) For Store Managers in New York, as to your potential vacation pay claims, you will be offered additional compensation for vacation hours at a rate of 0.0385 (Samsonite's rate of vacation accrual per hour worked) times 5 hours per week that you worked since March 24, 2003, times your Regular Hourly Rate, for each week that you were classified as salaried (exempt).

(vii) All California and New York Plaintiffs will also be offered 10% simple, annual interest on all of their overtime, vacation pay, and, in California only, on their meal/rest period claims.

(viii) If your total allocation based on this formula and the discounts described below equals less than $500, then you will receive the $500 minimum allocation.

### C. Discount For Attorneys' Fees, Litigation Risk, and Prior Settlement Payment

Because this matter is settling prior to adjudication, and the outcome of the matter is uncertain, your minimum recovery in this matter will be discounted 30% from the amount which would be calculated based on the formula described above. Additionally, your allocation is based

upon a deduction of 25% to pay for Class Counsel's attorneys' fees in this matter, in which Class Counsel assumed all of the risk of litigation and provided representation to Plaintiffs and the Class on a contingency basis. Finally, if you received payment pursuant to a private agreement you made with Samsonite regarding this lawsuit earlier this year, the amount you were already paid will be deducted from your total allocation, to avoid double-compensation.

### IV. Class Representative Enhancements

If the Court approves such payments, each of the two Class Representatives, Rosalie Pearson and Dennis Newsham, will receive $5,000. This payment is made because the two Class Representatives provided many hours of service to the class by helping Class Counsel formulate claims, by providing documents, and by participating in a deposition or in mediation, all to support the Plaintiffs' claims that Samsonite did not pay overtime to Store Managers in violation of the law.

### V. Next Steps and Changes of Address

You have several options. In order to protect your rights, it is very important that you read this section carefully. If you do nothing, you may release your right to sue Samsonite for the claims asserted in this matter, if you worked for Samsonite in California or New York. **If you wish to receive any payment in this case, you must return the enclosed Opt-In/Claim Form postmarked no later than [90 days after notice mailing to class by administrator]. If you worked for Samsonite in California or New York, and wish to opt-out or object to the Settlement, you must do following the instructions provided below, and postmarked by no later than [90 days after notice mailing to class by administrator]**.

#### A. Opting In/Asserting a Claim

Along with this Notice of Settlement of Class Action, you are receiving a Settlement Offer

- 7 -  NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION, 3:09-cv-1263 JSW

and Release, with an Opt-In/Claim Form. You may choose to accept the offer and release your claims. The offer and release are subject to final Court approval of the class and settlement. The fees of counsel for Plaintiffs, the class representatives' payments, the payments to the class are to be paid from the settlement amount.

To opt-in/assert a claim and receive a payment if this settlement receives final Court approval, send in your Opt-In/Claim Form to the following address by U.S. Mail postmarked **no later than [90 days after notice mailing to class by administrator]**:

[settlement administrator contact information]

**B.     Opting-Out/Objecting/Commenting on Settlement**

**1.     Opting-Out**

If you worked for Samsonite in **any state other than New York or California**, and you object or otherwise do not wish to participate in the Settlement, you do not need to take any action.

If you worked for Samsonite **in New York or California**, and do not wish to participate in the Settlement, you must send an opt-out letter. To be valid, you must opt-out in a letter stating: "I wish to opt-out of the settlement given preliminary approval in the matter *Pearson, et al. v. Samsonite Company Stores, Inc., et al.,* CV 09-01263 JSW, with the understanding that I may not hold this Court, the parties, or the parties' counsel responsible for any consequence of my decision to opt-out of this matter." The letter must be signed by you under penalty of perjury (with a statement, "I certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct"), accompanied by a photocopy of your driver's license or other form of government issued picture identification (*e.g.*, passport), and returned to:

[settlement administrator contact information]

The opt-out letter must be postmarked no later than **[90 days after notice mailing to class by administrator]**. If the opt-out letter is sent from within the United States it must be sent through the United States Postal Service. A Class Member who worked for Samsonite in California or New York who fails to mail an opt-out letter in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement or received any share of the Settlement proceeds.

Any person who submits a complete and timely opt-out letter will, upon receipt, no longer be a member of the Class, will be barred from participating in any portion of the Settlement, and will receive no money from the Settlement.

### 2. Objecting or Commenting Favorably

You may object to the terms of the Settlement before final approval, either by filing a written objection or filing a notice of your intent to appear and object at the final approval hearing. However, if the Court rejects your objection, you still will be bound by the terms of the Settlement unless you also submit an opt-out letter. To object, you must send a written notice of objection or a written notice of your intent to appear and object at the final approval hearing to the Court and to all counsel. The Court's address and Counsel's addresses are shown below.

Any written objections and/or notice of your intent to appear at the final approval hearing must state each specific reason for your objection and any legal support for each objection. Your written objection and/or notice of your intent to appear at the final approval hearing must also state your full name, address, date of birth, and the dates of your employment at Samsonite. To be valid and effective, the Court, Class Counsel, and Counsel for Samsonite must receive any written objections and/or notices of intent to appear at the hearing, postmarked not later than **[90 days after notice mailing to class by administrator]**. A Class Member who fails to timely file and

serve a written objection in the manner described above by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and will not be allowed to appear before the Court at the final approval hearing.

On the other hand, if you wish, you may comment in favor of the Settlement postmarked not later than **[90 days after notice mailing to class by administrator]**, by submitting a written notice of your comments in favor of the Settlement, which will be relayed to the Court at or before the final approval hearing.

Your objections or favorable comments must include your full name, address, date of birth, and dates of your employment at Samsonite, and the title of this case: *Pearson, et al. v. Samsonite Company Stores, Inc., et al.,* Case No. CV 09-01263 JSW.

Send your objections/notice or favorable comments to THE COURT AS FOLLOWS:

Office of the Clerk
United States District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

**DO NOT TELEPHONE THE COURT.**

A COPY OF YOUR OBJECTIONS/NOTICE OR FAVORABLE COMMENTS MUST ALSO BE SENT TO CLASS COUNSEL AS FOLLOWS:

Bryan J. Schwartz
Bryan Schwartz Law
180 Grand Avenue, Suite 1550
Oakland, CA 94612

A COPY OF YOUR NOTICE MUST ALSO BE SENT TO COUNSEL FOR SAMSONITE AS FOLLOWS:

Martin Deniston
Wilson Elser Moskowitz Edelman & Dicker LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407

    **C.**    **Change of Address**

**If you have any change of address after receiving this notice, you are required to notify the Settlement Administrator at the following address, or you may not receive any payment in this matter: [Administrator's address]** Neither the Court nor the parties will be responsible for your failure to provide adequate notice of any change in address.

### VI.  Examination of Papers

All of the above descriptions of allegations, responses, the settlement and other matters in this lawsuit are only summaries and do not fully describe all aspects of the case or settlement.  The pleadings and other papers filed in this action are public records and are available for inspection during regular business hours at the Clerk's Office, United States District Court for the Northern District of California, at: U.S. Courthouse, Clerk's Office, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102.

### VII. Questions

If you have any further questions with respect to this action or about this Notice, you may direct such questions to counsel for the Plaintiffs, Bryan Schwartz, Bryan Schwartz Law, 180 Grand Avenue, Suite 1550, Oakland, California, 94612, (510) 444-9300, or email Hillary@BryanSchwartzLaw.com. **YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.**

### VIII. Conclusion

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE JEFFREY S. WHITE, UNITED STATES DISTRICT COURT JUDGE.**

Dated:  December 18, 2009

/s/ _Jeffrey S. White_____
The Honorable Jeffrey S. White
United States District Judge