1  BRYAN SCHWARTZ (SBN 209903)
   HILLARY JO BAKER (SBN 265019)
2  BRYAN SCHWARTZ LAW
   180 Grand Avenue, Suite 1550
3  Oakland, CA 94612
   Tel.: 510-444-9300
4  FAX: 510-444-9301
   Email: Bryan@BryanSchwartzLaw.com
5
   Attorneys for Individual and Representative Plaintiffs
6

7  MARTIN K. DENISTON (SBN 106737)
   DANIEL H. LEE (SBN 217001)
8  WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
9  555 South Flower Street Suite 2900
   Los Angeles, CA 90071
10 Telephone: (213) 443-5100
   Facsimile:  (213) 443-5101
11 Email: Daniel.Lee@wilsonelser.com
          Martin.Deniston@wilsonelser.com
12
   Attorneys for Defendants,
13 SAMSONITE COMPANY STORES, INC. (now
   known as Samsonite Company Stores, LLC) and
14 SAMSONITE CORPORATION (now known
   as Samsonite LLC)
15

16
                       **UNITED STATES DISTRICT COURT**
17
                       **NORTHERN DISTRICT OF CALIFORNIA,**
18
                            **SAN FRANCISCO DIVISION**
19

20
   ROSALIE PEARSON and DENNIS            )   Case No.  CV 09-01263 JSW
21 NEWSHAM, individually, on behalf of others )
   similarly situated, and on behalf of the general )   **STIPULATED REQUEST OF THE**
22 public,                                )   **PARTIES TO HAVE THEIR JOINT**
                                          )   **MOTION FOR FINAL APPROVAL OF**
23          Plaintiff(s),                 )   **CLASS ACTION SETTLEMENT**
                                          )   **HEARD ON APRIL 9, 2010;**
24      v.                                )
                                          )   [Proposed] **ORDER;**
25 SAMSONITE COMPANY STORES, INC.,        )
   SAMSONITE CORPORATION, and DOES 1 –    )   **DECLARATION OF BRYAN J.**
26 50, inclusive,                         )   **SCHWARTZ, ESQ.**
                                          )
27          Defendant(s).                 )
                                          )
28 _____   )

                                          1
   STIPULATION AND PROPOSED ORDER RE: MOTION FOR FINAL APPROVAL OF SETTLEMENT
   USDC NDCA Case #CV 09-01263 JSW

**IT IS HEREBY STIPULATED** and requested by Plaintiffs ROSALIE PEARSON and DENNIS NEWSHAM (hereinafter "Plaintiffs"), and Defendants SAMSONITE COMPANY STORES, INC. and SAMSONITE CORPORATION (now known as Samsonite Company Stores, LLC and Samsonite LLC, respectively) (hereinafter "Defendants") that the Court allow their Joint Motion for Final Approval of Stipulation of Settlement to be filed on April 2, 2010 and to be heard or April 9, 2010 or as soon thereafter as practicable on any date that is convenient for the Court.

1. Local Rule 6-1(b) requires the Plaintiffs and Defendants (hereinafter "Parties") to obtain a Court Order changing a time that would affect the date of an event or deadline already fixed by Court order. Local Rule 6-2(a) authorizes the Parties to seek such relief from the Court by filing a written stipulation.

2. Under Local Rule 6-2(a), "the stipulated request must be accompanied by a declaration that: (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time; (2) Discloses all previous time modifications in the case, whether by stipulation or Court order; and (3) Describes the effect the requested time modification would have on the schedule for the case."

3. On or about November 5, 2009, the Parties reached a settlement of the present dispute on a class basis and obtained the Court's preliminary approval of that settlement, on December 18, 2009. *See* Declaration of Bryan J. Schwartz, Esq. ("*Schwartz Dec.*"), filed contemporaneously with this Stipulation. To accomplish that end, the Parties cooperated with each other and worked diligently in preparing a Joint Motion for Preliminary Approval of Stipulation of Settlement, and exhibits in support of that motion, including, but not limited to, a detailed Stipulation of Settlement. *Id.* The Parties' preliminary approval papers and Stipulation of Settlement did not seek a specific date for the final fairness hearing, which is the purpose of this Stipulation.

4. Since notifications were mailed to the class pursuant to the Stipulation of Settlement, which occurred in the last week of December 2009, more than 50% of eligible class members have filed claim forms/opted-into the case, with not a single objection or withdrawal/opt-out filed.

*Schwartz Dec.* Class members have until March 29, 2010 to opt-in/file a claim or withdraw/opt-out/object. *Id.*

5. Because the period for filing claims/objecting does not end until March 29, 2010, April 2, 2010 is the earliest date practicable that the Parties can file their final approval motion. *Schwartz Dec.*

6. Because of the thoroughness of the preliminary approval papers and the anticipated high participation rate and the lack of objections/opt-outs/withdrawals, the parties do not anticipate that lengthy or contentious briefing will be required for final approval. *Schwartz Dec.* "[The] preliminary determination establishes an initial presumption of fairness…." *Chun-Hoon v. McKee Foods Corp.*, 2009 WL 3349549, *2 (N.D.Cal. October 15, 2009 (Walker, C.J.) (citing *In re General Motors Corp.,* 55 F.3d 768, 784 (3d Cir. 1995)). In final approval briefing, the parties will simply be summarizing how they complied with the detailed settlement plan already given preliminary approval by this Court, with additional information provided for the Court's reference concerning the Plaintiffs' attorneys' fees. *Schwartz Dec.*

7. On February 8, 2010, counsel for Plaintiffs and the class consulted the Court's calendar at: http://www.cand.uscourts.gov/cand/calendar.nsf/ExtraInfoLinkDocs/JSW. *Schwartz Dec.* A true and correct print copy of the Court's calendar is attached to *Schwartz Dec.* as Exhibit A.

8. Exhibit A does not suggest any conflict with holding a hearing for final approval on April 9, 2010 at 9 a.m. However, inasmuch as the Parties will file their joint motion for final approval on April 2, 2010, the Parties are filing this motion seeking the April 9, 2010 hearing date because the time period between motion filing and the proposed hearing date is shorter than that normally provided in the Northern District of California for scheduling motion hearings (35 days). Thus, the Parties are presently seeking the Court's assistance through this stipulated request.

9. The Parties respectfully submit that granting the requested relief will confer a benefit to the Plaintiffs, the Class Members, the Defendants, and the Court. First, bankruptcy counsel for Samsonite Company Stores, LLC has advised that Samsonite Company Stores, LLC, is seeking to

wind-down the administration of and close its bankruptcy case. *Schwartz Dec.* The Plaintiffs'/class members' claim in that bankruptcy case is currently an unliquidated and contingent claim in those proceedings, the resolution of which will not occur until after final approval is (hopefully) granted concerning this settlement. *Id.* As for Plaintiffs and the class members, the sooner the final approval is (hopefully) granted, the sooner the Plaintiffs and class members can receive their settlement payments. Since some class members are out of work or otherwise have great financial need at this time, the benefit of expeditious payment is significant. *Id.* Finally, the Parties recognize that the Court has a busy calendar, but if the Court is graciously able to accommodate the present request and allow the Joint Motion to be heard on April 9, 2010, or its earliest opportunity thereafter, it will allow the settlement to be confirmed, and the case to be closed, conserving judicial resources.

10. As noted above, the Parties anticipate no opposition to the Joint Motion filed by any party to this case. Scheduling an uncontested motion, as opposed to a contested motion, will cause less burden on the Court, which should favor the Parties' respectful submission that the Court hear the Joint Motion on April 9, 2010.

11. Moreover, inasmuch as the Parties are filing a joint motion, with no likely opposition, there will no prejudice to any party by shortening time to hear the Joint Motion. Moreover, there will be no prejudice to any would-be objectors (*i.e.,* class members) by shortening time to hear the Joint Motion. An early hearing of the Joint Motion will not affect their rights materially since the class members have a full ninety (90) days to exercise their right to object, opt-out, or withdraw from the class, and, if they intervene, they will have ample opportunity to learn of the date for the final fairness hearing.

12. The Parties previously made three stipulated time modifications in this matter, extending Defendants' time to file an Answer, tolling the statute of limitations for FLSA putative class members based upon Defendant Samsonite Company Stores, Inc.'s bankruptcy, and ensuring a hearing of the preliminary approval motion in 2009 (33 days after it was filed, on a date that was otherwise listed as unavailable for the Court) (Docket Nos. 9, 33, 51).

Based on the foregoing, the Parties jointly respectfully request that the Court set the deadline for filing the Joint Motion for Final Approval on April 2, 2010, and set the hearing on the final approval motion for April 9, 2010, or the earliest date thereafter that is convenient for the Court.

**IT IS SO STIPULATED.**

DATE: February 9, 2010     BRYAN SCHWARTZ LAW

By: /s/ Bryan Schwartz
BRYAN SCHWARTZ
HILLARY BAKER
Attorney for Plaintiffs
ROSALIE PEARSON, DENNIS NEWSHAM, AND THE CLASS

DATE: February 9, 2010     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/Daniel H. Lee
MARTIN K. DENISTON
DANIEL H. LEE
Attorney for Defendants
SAMSONITE COMPANY STORES, INC. and SAMSONITE CORPORATION

PURSUANT TO STIPULATION, IT IS SO ORDERED that the Parties' Joint Motion For Final Approval Of Class Action Settlement can be heard on:

_April 9_____, 2010.

Date: _February 17, 2010_     _____
The Honorable Jeffrey S. White
United States District Judge for the Northern District of California

---

5
STIPULATION AND ~~PROPOSED~~ ORDER RE: MOTION FOR FINAL APPROVAL OF SETTLEMENT
USDC NDCA Case #CV 09-01263 JSW